■ HARRY W. BOBLEY, Respondent-Appellant, v CALIFORNIA UNION INSURANCE COMPANY, Appellant-Respondent.—Order, Supreme Court, New York County, entered September 9, 1975, denying the defendant's motion and plaintiff's cross motion for summary judgment, unanimously modified, on the law, to the extent of granting defendant's motion for summary judgment dismissing the complaint, and as so modified the order is affirmed, with $60 costs and disbursements to defendant. In this action plaintiff insured seeks to recover the sum of $85,160 representing the value of jewelry allegedly stolen from his houseboat, contending that such "theft" is covered by the policy issued by the defendant. The policy is described as a "property insurance policy" and insures against perils of "the seas, men of war, fire, lightning, earthquake, enemies, pirates, rovers, assailing thieves * * * barratry of the master and mariners and of all other like perils". While the Supreme Court may well be correct in holding that an arguable issue had been presented with respect to whether or not the "theft" was excluded under the perils clause of the policy, it is clear that no triable issue exists with respect to the scope of the subject matter of the insurance policy. Study of the policy discloses that the term "hull and contents" within the context of said policy is the equivalent of "vessel". The face page of the policy under the title "Description of Coverage" delineates "Hull and Contents as per wording attached on the new 64 foot Houseboat" and limits liability to $90,000. Similarly, on another page, the caption "Vessel" informs that the subject matter of the coverage is "the Vessel" which is further defined as "her hull" and a list of other appurtenances that do not include jewelry. This latter page under the caption "Agreed Value" again speaks of "The Vessel" valued in terms of "Hull and Contents" at $90,000. Further, from a pragmatic viewpoint, it strains credibility to view the policy as intending to cover not only loss of a $90,000 houseboat, but also in addition some $90,000 worth of jewelry. Accordingly, under the terms of the policy evidencing the scope of the subject matter, it is clear that the personal property allegedly stolen herein is not covered and defendant was therefore entitled to summary judgment. Concur—Markewich, J. P., Murphy, Lupiano, Capozzoli and Nunez, JJ.